# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FREDERICK MATTFELD,<br><br>    Plaintiff,<br><br>v.<br><br>DANIEL GRIFFEE, TIME REAL ESTATE, and JOHN DOES 1–5,<br><br>    Defendants. | **MEMORANDUM DECISION**<br><br>Case No. 2:16-cv-01278-DBP<br><br>Magistrate Judge Dustin B. Pead |

## BACKGROUND

The parties consented to the court's jurisdiction under 28 U.S.C. 636(c). (ECF No. 12.) Plaintiff asserts four causes of action in this diversity matter: fraud, breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment. (ECF No. 2.) Plaintiff claims that he and Mr. Griffee made an agreement in 2005 and 2006 that forms the basis of his present claims. As part of that agreement, Plaintiff purchased two pieces of real estate and Mr. Griffee agreed to collect rents from tenants and apply those rent payments to mortgages secured by the properties and to home-owner association dues. (*Id.*) Plaintiff claims Mr. Griffee performed for a time under the unwritten agreement, but in 2011, Plaintiff alleges Mr. Griffee began to misappropriate rent payments without satisfying the mortgages and dues. (*See id.*) The matter is presently before the court on Defendants' motion to dismiss. (ECF No. 6.)

## STANDARD OF REVIEW

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts factual allegations "as true and construe[s] those allegations, and any reasonable inferences that might be drawn from

them" in a plaintiff's favor. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Nonetheless, conclusory allegations without supporting factual allegations are insufficient to state a claim for relief. *See id.* ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").

## ANALYSIS

### I. Judicial Estoppel

#### a. Parties' Arguments

Defendants argue Plaintiff's claims should be dismissed because the claims belong not to Plaintiff, but to his bankruptcy estate. Further, Defendants suggest the claims should be dismissed on the grounds of judicial estoppel because Plaintiff failed to disclose the present causes of action during his bankruptcy proceeding.

Plaintiff argues that he and his bankruptcy counsel notified the bankruptcy trustee of the facts Plaintiff then knew about potential claims against Defendant. (ECF No. 14.) Plaintiff does not claim he listed any claims against Defendants in his bankruptcy petition. Plaintiff claims instead that he informed the trustee of the potential claims and thus the trustee has abandoned those claims by not asserting them during the pendency of the bankruptcy action. (*Id.*)

#### b. Defendants' motion to dismiss cannot be granted at this stage of the proceedings.

Defendants' argument that Plaintiff no longer owns the claim raises questions that cannot be answered from the face of the pleadings. While a debtor's property becomes part of the bankruptcy estate when bankruptcy is filed, the property does not remain there for eternity. The trustee is ordinarily considered to have abandoned property not administered during the

2

pendency of the bankruptcy. *See In re Krachun*, No. AP 15-2016, 2015 WL 4910241, at *4 (Bankr. D. Utah Aug. 14, 2015) (setting forth process by which trustee may be found to have technically abandoned property not administered during bankruptcy proceedings). On the limited record here, the court cannot determine who owns the claims. Defendants believe this gap in the record mandates dismissal of the Complaint. The court disagrees. Defendants do not show that Plaintiff failed to properly plead his claims. At best, Defendants establish Plaintiff omitted sufficient facts to support Defendants' affirmative defense. Yet Plaintiff need not plead all facts relevant to an affirmative defense to survive a motion to dismiss. *See, e.g.*, *Turner & Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 847 (D. Kan. 1996) (denying motion to dismiss asserting statute-of-limitations defense where complaint did not set forth accrual date of claim). The court is unsurprised the Complaint omits facts about Plaintiff's bankruptcy proceeding because those facts relate to Defendants' affirmative defense, not Plaintiff's claims.

Next, the court will not grant dismissal based on Defendants' estoppel argument at this early stage. Defendants rely on *Eastman v. Union Pacific* to support their estoppel argument. 493 F.3d 1151 (10th Cir. 2007). In *Eastman*, the Tenth Circuit affirmed a district court's application of judicial estoppel to a post-bankruptcy claim where plaintiff/debtor concealed a cause of action during his bankruptcy proceeding and later sought to pursue that claim in the district court. *See id.* at 1153–54, 1160. Yet, in doing so, the *Eastman* court considered the debtor's testimony from the § 341 meeting of creditors. *See* at 1153–54. Here, Plaintiff suggests his testimony in his own § 341 meeting of creditors will show he disclosed Mr. Griffee's identity and what Plaintiff then knew about his claims, unlike the *Eastman* plaintiff. (ECF No. 14.) Defendants ask the court to ignore any questions Plaintiff raises about the bankruptcy proceeding because those questions cannot be answered from the facts alleged in the four corners of the Complaint. As mentioned

3

above, the court does not find Plaintiff's Complaint deficient simply because it omits facts relevant to Defendants' affirmative defense. Defendants' estoppel argument raises questions that cannot be answered without considering further evidence. *See Eastman* at 1159 (stating that "debtors, who have failed to disclose legal claims to the bankruptcy court *without credible evidence of why they did so*, have been judicially estopped from pursuing such claims subsequent to discharge") (emphasis added). Thus, dismissal is not presently warranted.

Likewise, "it *may* be appropriate to resist application of judicial estoppel when a party's prior position was based on inadvertence or mistake." *Eastman* at 1157 (emphasis original). The *Eastman* court cited with approval a Sixth Circuit case in which the court upheld a finding of mistake or inadvertence where a debtor omitted a cause of action from his bankruptcy schedule but the debtor later disclosed the claim in correspondence with the trustee. Here, Plaintiff claims to have done something similar. Plaintiff claims his former attorney notified the trustee of potential claims against Defendant. Ultimately, the court makes no comment or determination about the weight that might be afforded to Plaintiff's proffered testimony. The court merely concludes that Defendants have not justified dismissal at this early stage.

## II. <u>Statute of Frauds</u>

### a. Parties' Arguments

Defendants argue Plaintiff's claims are barred by Utah's Statute of Frauds because the alleged agreement relates to real estate and lasts indefinitely. Plaintiff argues the oral agreement is not barred based on the doctrine of part performance.

### b. The alleged agreement does not fall within the Statute of Frauds

Defendants fail to establish that the statute of frauds bars enforcement of the alleged agreement. The statute of frauds voids agreements to sell interests in land, including leases lasting more than one year, without a written contract or memorandum signed by the seller. Utah

4

Code Ann. § 25-5-3. The statute of frauds also provides that no interest or estate in real property may be created, granted, etc., without a signed written instrument. *Id.* § 25-5-1. Yet the statute does not void all agreements that merely touch on real estate in some collateral way. *See Bennett v. Huish*, 155 P.3d 917, 927 (Utah App. 2007) (refusing to apply Section 25-5-3 to an "oral agreement [that] did not contemplate any transfer of an interest in land from one person to the other" but did involve proceeds from a loan secured by real property). Defendants make no attempt to explain how the agreement described in the Complaint falls within the two statutory provisions. Instead, they cite the provisions and state "the agreement . . . [is] related to such ownership of real property." Defendants have not persuaded the court.

While the Complaint alleges certain transfers of real property, Defendants do not suggest these transfers were made by an oral instrument. Likewise, Plaintiff does not appear to attempt to enforce any unwritten agreement to transfer real property. Instead, Plaintiff alleges he purchased real property from unidentified third parties and made an agreement with Mr. Griffee to manage those properties. (ECF No. 2 at 3) ("Mr. Mattfeld and Defendant, Daniel Griffee, entered into an agreement wherein Mr. Mattfeld would secure a loan and purchase property, while Defendant would manage the property.") Plaintiff's challenge to the agreement requiring Mr. Griffee to manage the property does not necessarily fall within the statute of frauds. While Plaintiff also alleges he transferred ownership of the properties to Defendants at some point after the management agreement was made, he does not indicate this transfer was part of the initial agreement between Plaintiff and Mr. Griffee. Thus, read in the light most favorable to Plaintiff, the Complaint does not describe an agreement that falls within the statute of frauds.

Defendants' argument regarding the one-year provision of the statute of frauds likewise fails. Defendants argue the alleged contract extended "indefinitely." Utah's courts have held that

5

such contracts do not fall within the statute of frauds. *See Pasquin v. Pasquin*, 988 P.2d 1, 6 (Utah App. 1999) ("alleged oral contract for lifetime employment is not barred by the statute of frauds"); *Heslop v. Bank of Utah*, 839 P.2d 828, 836 (Utah 1992) (finding alleged contract that lasted "until retirement" did not fall within statute of frauds). Instead, the one-year provision of the Statute of Frauds is construed narrowly and "applies only to contracts that are literally *incapable* of being performed within one year." *Pasquin* at 6 (emphasis original) (citing *Zion's Serv. Corp. v. Danielson*, 366 P.2d 982 (Utah 1961)). No such contract is alleged here. Utah courts recognize that an indefinite contract might be terminated within one year of their formation. Based on the forgoing, the court will deny Defendants' motion to dismiss.

### III. Attorney fees

Given the court's conclusions above, it rejects Defendants' contention that Plaintiff's Complaint is without merit or alleged in bad faith.

### ORDER

For the reasons above, the court **DENIES** Defendants' Motion to Dismiss. (ECF No. 6.)

Dated this 10th day of May 2017.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge